WILLIAM J. MEEHAN, PROSECUTOR, v. COUNTY EMPLOYEES' PENSION COMMISSION OF THE COUNTY OF ESSEX, RESPONDENT.

Submitted May 1, 1945—Decided September 11, 1945.

Before BROGAN, CHIEF JUSTICE, and Justice OLIPHANT.

For the prosecutor, *Foley & Francis* (*John J. Francis*, of counsel).

For the respondent, *Arthur T. Vanderbilt* (*G. Dixon Speakman*, of counsel).

PER CURIAM.

This matter is before the court on an application for a writ of *certiorari* to review a decision and determination of the County Employees' Pension Commission of the County of Essex, which denied the application of the prosecutor for a pension.

A similar application for a writ was made to Mr. Justice Parker and denied by him.

Prosecutor was employed at the Essex County Penitentiary as a guard. On the night of August 27th, 1942, he sustained an accident which subsequently on December 9th, 1942, required that his left eye be removed.

On May 21st, 1943, prosecutor filed an application for a disability pension with respondent, the statutory body which has jurisdiction over such applications. The matter was set down for hearing before the Commission and on March 3d, 1944, the evidence in support of the application was submitted.

The fact that Meehan's injury arose out of and in the pursuit of his official duties was not disputed.

The statute under which prosecutor made application for pension, *R. S.* 43:10-4, provides in part as follows:

"A county employee who shall have received a permanent disability by reason of injury, accident or sickness, incurred at any time in the service, which permanently incapacitates him, shall, upon the certificate of a physician designated for that purpose by the pension commission, be retired on half pay."

The loss of an eye is a permanent disability, and of course, permanently incapacitates prosecutor, at least to some extent.

There is a question as to whether the intendment of the statute is to provide pensions for county employees who are simply incapacitated to any or some extent by reason of injury or for such as are incapacitated from performing reasonably the duties of the particular employment which they were hired to perform.

As the statute has not yet been subject to judicial determination and there is a disputed question of law involved in this case, the writ is allowed.